Concur: HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ. Dissenting: HISCOCK, Ch. J., and McLAUGHLIN, J.

In the Matter of the Accounting of BURT JACKSON, as Executor of FRANK JACKSON, Deceased, Appellant.

CAROLINE JACKSON, Respondent.

*Executors and administrators — when executor properly surcharged with portion of amount of expense incurred in defending validity of will and codicil.*

*Matter of Jackson*, 201 App. Div. 878, affirmed.

(Argued April 18, 1923; decided May 8, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 7, 1922, which affirmed a decree of the Orleans County Surrogate's Court settling the accounts of the executor of Frank Jackson, deceased. This appeal presented the single question: Can the surrogate after finding that attorneys' services necessarily performed in the defense of the will and codicil were reasonably worth the sum of $2,000, reduce such charge against the estate to $800, leaving the executor to individually pay the remaining $1,200?

*Irving L'Hommedieu* for appellant.

*S. Wallace Dempsey* and *Harry Cooper* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ATLANTIC MUTUAL INSURANCE COMPANY, Appellant, Impleaded with Another.

*Parties — New York city — action by state to revoke grants of land under water — when motion to bring in city of New York as party defendant and to stay condemnation proceedings by said city properly denied.*

*People* v. *Atlantic Mut. Ins. Co.*, 204 App. Div. 899, affirmed.

(Argued April 18, 1923; decided May 8, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 28, 1922, which affirmed

an order of Special Term denying a motion to bring in the city of New York as a party and to stay certain condemnation proceedings. The action was brought to vacate certain grants of land under water in Richmond county for failure of defendant, appellant, to make certain improvements as required by such grants. The amended answer alleged that as a result of condemnation proceedings by the city of New York " the title to all the lands described in and affected by said condemnation proceedings, including the lands described in the complaint herein, became duly vested in the city of New York, on or about October 11, 1919." The following questions were certified:

" (1) Should the city of New York be made a party to this action?

" (2) Should the condemnation proceedings which are pending in the Supreme Court, Kings county, and which are described in the order to show cause herein of the Hon. David F. Manning, dated the 4th day of December, 1922, be stayed pending the determination of the issues in this action, in so far as the said proceedings relate to or affect the lands and lands under water of the Atlantic Mutual Insurance Company described in the complaint herein and in Exhibits A, B and C thereto annexed?

" (3) Should the city of New York be enjoined and restrained from prosecuting the trial of said condemnation proceedings pending the determination of the issues in this action, in so far as the said proceedings relate to or affect said lands and lands under water of the Atlantic Mutual Insurance Company? "

*Edwin DeT. Bechtel* and *Sidney Wetmore Davidson* for appellant.

*George P. Nicholson, Corporation Counsel* (*Charles J. Nehrbas* and *Henry W. Mayo* of counsel), for respondent.

Order affirmed, with costs; questions certified not answered because as we interpret them they present questions of discretion rather than of law; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.